IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION                                   PLAINTIFF

v.                                                               CIVIL ACTION NO. 3:24-CV-310-SA-RP

INTREPID GYMNASTICS, LLC                                                    DEFENDANT

**ORDER**

On March 19, 2025, Defendant Intrepid Gymnastics, LLC (Intrepid) filed a Suggestion of Bankruptcy notifying the court that it had filed for Chapter 7 bankruptcy protection. ECF 29. Thereafter, the plaintiff Equal Employment Opportunity Commission (EEOC) filed a response asserting that the present action is exempt from the automatic stay provision of United States Bankruptcy Code 11 U.S.C. § 362. As a result, the undersigned ordered Intrepid to respond and show cause as to why this case should not be allowed to proceed with the setting of a case management order. The EEOC filed its reply. Having reviewed the briefing on the issue, the court finds that the case is exempt from the automatic stay provision.

11 U.S.C. § 362 provides for a stay of judicial proceedings against a debtor once they have filed a bankruptcy petition. However, there are exceptions. A proceeding filed by a governmental unit "to enforce such governmental unit's police and governmental power" is an example of such an exception. 11 U.S.C. § 362(b)(4). The 5th circuit has established that both district courts and bankruptcy courts may determine whether an exception applies. *See Hunt v. Bankers Tr. Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986) (agreeing with the 2nd Circuit that "Whether the stay applies to litigation otherwise within the jurisdiction of a district court […]is an issue of law within the competence of both the court within which litigation is pending [] and

the bankruptcy court."). In making its determination, the district or bankruptcy court may apply the pecuniary purpose test and the public policy test.

> The pecuniary purpose tests asks whether the government primarily seeks to protect a pecuniary governmental interest in the debtor's property, as opposed to protecting the public safety and health. The public policy test asks whether the government is effectuating public policy rather than adjudicating private rights. If the purpose of the law is to promote public safety and welfare or to effectuate public policy, then the exception to the automatic stay applies.

*In re Nortel Networks, Inc.*, 669 F.3d 128, 139–40 (3d Cir. 2011).

Here, rather than taking a position as to whether the present action is exempt from the automatic stay provision, Intrepid argues that such a determination is one to be made exclusively by the bankruptcy court. Intrepid relies upon a case in which the governmental agency moved for a "confirmation of termination of automatic stay" before the bankruptcy court in which the debtor's petition was pending. *In re: Wilmesia Lafatia*, No.: 22-11269-JDW, ECF 70 (Bankr. N.D. Miss. May 9, 2024). That case did not address the jurisdictional issue brought forth by Intrepid, because rather than requesting relief from an automatic stay, the court itself read the agency's motion as one "seeking confirmation that the stay never went into effect with regard to the civil action." *Id*. at fn. 2. As such, the court is not persuaded that it lacks jurisdiction to decide on the automatic stay issue.

Having established jurisdiction, the court now turns to the issue of whether the automatic stay provision is applicable to this case. The EEOC, a governmental agency, filed this action to address damages and enjoin certain relief from Intrepid's alleged violations under Title VII of the Civil Rights Act of 1964. Specifically, the EEOC seeks a permanent injunction against Intrepid for its alleged unlawful employment practices. The EEOC also seeks compensatory

damages on behalf of certain individual employees of Intrepid. This court has previously found that similar circumstances alleged by the EEOC satisfied the public policy test and that the automatic stay exception applied. See *Equal Empl. Opportunity Comm'n v. Stone Pony Pizza, Inc.*, No. 4:13CV092-SA-JMV, 2015 WL 13037475 (N.D. Miss. Mar. 30, 2015). Because the EEOC's Complaint seeks to enforce public policy against employment discrimination, the court finds that the action satisfies the public policy test and should be subject to the automatic stay exception.

Therefore, this matter should proceed with the setting of a trial and entry of a case management order. A case management conference will be set by separate notice.

**SO ORDERED**, this the 21st day of May, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE