# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | )<br>)<br>) |
| Plaintiff, | )<br>)       Civil Action: 3:24-cv-00310-SA-RP |
| v. | )<br>)<br>)<br>) |
| **INTREPID GYMNASTICS, LLC** | )<br>) |
| Defendant. | ) |

## CONSENT DECREE

The Equal Employment Opportunity Commission (Commission) filed this lawsuit under Title VII of the Civil Rights Act of 1964 (Title VII) against Intrepid Gymnastics, LLC (Intrepid) on September 30, 2024. The Commission alleged Intrepid discriminated against Ashlyn Mueller (Mueller) and a class of aggrieved female employees, some minors, by subjecting them to unlawful harassment and a hostile work environment because of their sex, female. The Parties engaged in good faith negotiations and now consent to the entry of this Consent Decree.

This Decree does not constitute a finding on the merits of the case.

The Parties stipulate the terms of this Decree are fair, reasonable, adequate, and serve the public interest in eradicating a hostile work environment.

This Decree represents the final and complete agreement between the Parties regarding the resolution of this civil action.

If this Court does not approve this Decree, the Parties agree neither Party will seek to admit the Decree in evidence in this or any subsequent lawsuit.

## I. JURISDICTION

The Court has jurisdiction over the Parties and the subject matter of this action and will retain jurisdiction over this Decree for enforcement.

## II. SCOPE AND DURATION OF THIS DECREE

This Decree and all obligations herein shall only apply to Intrepid's Horn Lake, Mississippi, location. The provisions of this decree shall become effective if and when the Court signs the decree and will remain binding on the parties for three years from the date Intrepid reopens business. However, Intrepid is not required to take action on the non-monetary terms of the decree until it reopens its business, whether under the current name or a different name.

## III. ISSUES RESOLVED

A. This Decree resolves all issues and claims arising out of the Commission's Complaint, Civil Action No. 3:24-cv-00310-SA-RP.

B. This Decree resolves the claims arising from EEOC Charge of Discrimination No.: 490-2023-00053.

## IV. INJUNCTIVE RELIEF

Intrepid, its officers, agents, servants, and employees, are enjoined from subjecting females at the Horn Lake facility to sexual harassment.

## V. CREATE A SEXUAL HARASSMENT POLICY

Within 30 days of Intrepid reopening business, if it ever reopens, Intrepid will create a written sexual harassment policy (Policy). The Policy shall include, at a minimum, the following:

A. A statement encouraging employees to report any incident of harassment;

B. A statement that Intrepid has a zero-tolerance for sexual harassment;

C. A statement that employees may make reports of sexual harassment to any supervisory or managerial employee, or to the U.S. Center for SafeSport (SafeSport);

D. A statement that employees may make reports of harassment orally, in writing, or anonymously;

E. A detailed statement on the procedure Intrepid will follow when investigating any sexual harassment complaint;

F. A non-exhaustive list of examples of prohibited conduct including, but not limited to, oral requests for sex, money in exchange for sex, text messaging or social media requests for sex, messaging illicit photos, and sexual touching or contact;

G. A statement that Intrepid will handle complaints of sexual harassment as confidentially as possible;

H. A statement that Intrepid will protect employees who make claims of sexual harassment or provide information related to such claims from retaliation;

I. A statement that Intrepid will take immediate and appropriate corrective action if it finds sexual harassment has occurred;

J. A requirement that Intrepid will appropriately discipline employees who engage in sexual harassment, as well as supervisors or managers who permit harassment to occur, fail to report harassment, or fail to implement measures to remedy harassment. Intrepid will place a record of such discipline permanently in the employee's, supervisor's, or manager's personnel file;

K. A requirement that Intrepid will communicate the results of each harassment investigation to the individual(s) reporting the harassment and to the target of the alleged harassment; and

L. If Intrepid determines an employee committed sexual harassment, it will permanently note that finding in the employee's personnel file, consistent with applicable law.

## VI. POLICY DISTRIBUTION

Intrepid will distribute the Policy outlined in Paragraph V to each of its employees within thirty (30) days of Intrepid reopening business, if it ever reopens business.

A. Each employee will sign an acknowledgement that they have received the revised policy.

B. Intrepid shall retain the written acknowledgement of such receipt in each employee's file.

C. All new employees must receive a copy of the revised sexual harassment policy during their onboarding.

D. Intrepid must post a copy of the revised sexual harassment policy in a visible area at its facility or where it normally posts notices to employees.

## VII. MONETARY RELIEF

A. To resolve this lawsuit and Charge of Discrimination No. 490-2023-00053, Intrepid agrees to settle the Commission's claims for $50,000 in compensatory damages to Ashlyn Mueller. As Intrepid has filed a petition for bankruptcy, Intrepid agrees to amend Official Form 206 E/F of its bankruptcy petition, Case 25-10859-JDW, Part 2, to reflect that the $50,000 settlement amount is not contingent, unliquidated, or disputed. If Intrepid's bankruptcy petition is denied, Intrepid

agrees to notify the Commission within 30 days of the denial and payment shall be due within 45 days of the denial.

B.   This Decree represents the full and final settlement of the Commission's monetary claims against Intrepid.

## VIII.   TAX TREATMENT OF SETTLEMENT AMOUNT

A.   <u>The Commission's Reporting Requirements Under IRC Sections 162(f) and 6050X.</u>

The Commission may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the Commission is required to do so, the Commission will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

B.   Intrepid's EIN number is: _____.

C.   The individual(s) to whom the Commission should mail a copy of the form 1098-F and the physical mailing address, if the Commission is required to issue the form are: _____.

D.  No <u>Representations or Reliance.</u> The Commission has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission. The Parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

## IX. TRAINING

A. If Intrepid reopens business, Intrepid shall provide, in-person sexual harassment training to all employees for three years following the reopen of business.

B. The training shall occur every six months for the duration of this Decree.

C. An attorney, a certified Society for Human Resource Management (SHRM) professional, or another similarly qualified trainer shall conduct the training.

D. Initial training will occur within sixty (60) days of Intrepid's reopening.

E. The training session shall last a minimum of one hour.

F. The training shall consist of the following:

1. explanation of Title VII and its prohibitions against sexual harassment and retaliation;

2. review of Intrepid's sexual harassment policy;

3. explanation of the duty to, and the manner of, properly reporting sexual harassment; and

4. At the end of the training, Intrepid's owner and/or chief operating officer, shall inform employees:

(a) Intrepid does not tolerate any forms of sexual harassment or retaliation;

(b) All employees are responsible for reporting any sexual harassment or retaliation they witness; and

(c) Failure to report harassment will result in disciplinary action.

  G. Within twenty (20) days of the training, Intrepid must submit to the EEOC:

   1. a copy of the training materials,

   2. documentation showing the training occurred, and

   3. a signed roster showing the names of the employees who attended the training.

## X. RECORDKEEPING

If Intrepid reopens business, Intrepid agrees to collect, retain, and provide the following information to the Commission upon request, but never more than once in a six-month period, Intrepid shall make the requested information available for inspection and copying within fifteen business (15) days of receiving a written request from EEOC for such documents:

  A. A list of all employees who complained about sexual harassment;

  B. Steps Intrepid took to investigate the complaint(s); and

  C. A copy of Intrepid's response to the complaint(s).

## XI. REPORTING

If Intrepid reopens business, Intrepid will provide the Commission with semi-annual reports by June 1 and December 1 for three years following the reopen of business. The report shall include the following:

  A. Certification Intrepid created the policy listed in Paragraph V;

  B. Certification Intrepid conducted the training listed in Paragraph VIII;

  C. Copy of the training materials; and

  D. A signed roster showing the names of the employees who attended the training.

## XII. NOTICE POSTERS

A. Within 30 days of Intrepid reopening its business, Intrepid will post, for three years following the reopening, the Notice to Employees attached as Appendix A.

B. The Notice shall be posted in a conspicuous place in any non-public area at Intrepid's Horn Lake, Mississippi facility.

## XIII. MONITORING AND ENFORCEMENT

A. The Commission may monitor Intrepid's compliance with the terms of this Consent Decree by:

1. Examining documents or other records required to be made or kept by this Decree, which shall be produced to the Commission within seven (7) days of a request by the Commission; and

2. Interviewing, upon seven (7) days' notice to Intrepid, employees and management concerning the requirements of and compliance with this Decree.

B. If the Commission, at its sole discretion, finds Intrepid failed to comply with the Decree, the Commission shall provide Intrepid notice of the failure and allow it a period of fifteen (15) calendar days from receipt of the notice to comply.

C. If, after the 15-day period has expired, Intrepid fails to comply, the Commission may then petition this Court for relief. Such relief may include further permanent or temporary injunctions, monetary relief, costs, and/or penalties for contempt of court.

## XIV. SEVERABILITY

A. If one or more provisions of this Decree are rendered unlawful or unenforceable because of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure this Decree continues to effectuate the intent of the parties.

B. The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance because of such legislative act or court decision will remain in full force and effect and the parties' responsibilities will not abate as to any provision has not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

## XV. SUCCESSOR LIABILITY

For the duration of this Decree, prior to any sale, merger, or consolidation of the company, Intrepid will provide written notice and a copy of this Decree to any successor, assigns, subsidiaries, affiliates, or any other corporation or entity that is acquired, merged, or consolidated with Intrepid. Any surviving entities that exist upon completion of the acquisition, merger, or consolidation shall remain fully liable for compliance with this Decree. Intrepid shall provide notice to the Commission forty-five (45) days prior to any assignment, succession, acquisition, merger, or consolidation.

## XVI. COSTS AND EXPENSES

The Parties will each bear their own attorney fees arising from this litigation.

## XVII. NOTICES AND OTHER COMMUNICATION

All notices, certifications, reports, or other communications this Decree requires the parties to exchange shall be in writing and transmitted as follows:

A. To the Commission, via electronic mail to: EEOC-MEDO-decree-monitoring@eeoc.gov.

B. To Intrepid Gymnastics, LLC, via email to: zbusey@bakerdonelson.com and wdowdy@bakerdonelson.com.

Any party may change the contact information by written notice to the other parties setting forth the new information.

SO ORDERED THIS 30TH DAY OF JUNE, 2025.

_____
Sharion Aycock
SENIOR UNITED STATES DISTRICT COURT JUDGE

Agreed to by:

| FOR PLAINTIFF: | FOR DEFENDANT: |
|---|---|
| _s/_ Faye A. Williams_ <br> FAYE A. WILLIAMS (TN Bar No. 011730) <br> Regional Attorney <br><br> ROSLYN GRIFFIN-PACK <br> Trial Attorney <br> MS Bar No.103317 <br><br> SARAH HOWARD JENKINS <br> (AR Bar No. 97046) <br> Trial Attorney <br><br> EQUAL EMPLOYMENT <br> OPPORTUNITY COMMISSION <br> Memphis District Office <br> 200 Jefferson Avenue, Suite 1400 <br> Memphis, TN 38103 <br> (901) 685-4644 <br><br> GARY SULLIVAN (AR Bar No. 92051) <br> Assistant Regional Attorney <br> EQUAL EMPLOYMENT <br> OPPORTUNITY COMMISSION <br> 800 Louisiana Street, Suite 200 <br> Little Rock, AR 72201 | s/_ Zachary B. Busey_ <br> ZACHARY B. BUSEY <br> Tennessee Bar No. 29763 <br> zbusey@bakerdonelson.com <br><br> WHITNEY M. DOWDY <br> Tennessee Bar No. 24985 <br> wdowdy@bakerdonelson.com |



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Memphis District Office**

200 Jefferson Ave, Suite 1400
Memphis, TN 38103
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Memphis Direct Dial: (901) 685-4590
FAX (901) 544-0111
Website: www.eeoc.gov

## APPENDIX A

## NOTICE TO EMPLOYEES

Intrepid Gymnastics, LLC posts this Notice as part of a Consent Decree entered by the United States District Court for the Northern District of Mississippi in the matter of *EEOC v. Intrepid Gymnastics, LLC.*

Title VII of the Civil Rights Act of 1964, as amended (Title VII), prohibits harassment against any employee or applicant for employment because of the individual's sex, including sexual harassment, with respect to hiring, promotion, firing, compensation, or other terms, conditions, or privileges of employment.

Intrepid Gymnastics, LLC supports and will fully comply with federal law in all aspects and will not take any action against any individual because they have exercised their rights under the law. Specifically, Intrepid Gymnastics, LLC prohibits sexual harassment by executive officers, management, and non-management employees and will take prompt and appropriate action to correct and prevent any such behavior.

Intrepid Gymnastics, LLC encourages its employees, if they see or hear sexual harassment, to report sexual harassment in the workplace and will not retaliate in any manner against any individual who makes such a report.

This Notice will remain posted for three years.

SIGNED THIS ____DAY OF _____, 2025


_____, President
Intrepid Gymnastics, LLC